[Civ. No. 23720. Second Dist., Div. One. Apr. 10, 1959.]

MYRTLE McGINNIS, Respondent, v. ANNA L. MONJOY, Individually and as Executrix, etc., Appellant.

Earl C. Broady for Appellant.

Moore & Moore and Bender Moore for Respondent.

WHITE, P. J.—By this proceeding respondent seeks an order dismissing the appeal herein on the ground that appellant has failed to comply with the rules on appeal in that no record on appeal has been completed as provided for in rule 10(a) of the Rules on Appeal.

The aforesaid rule provides in part as follows: ". . . If the appellant shall fail to perform an act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

The certificate of the clerk of the superior court reflects that this is an action for declaratory relief to cancel a deed and to quiet title to real property and was filed March 19, 1957. The relief prayed for is that the court declare that the described deed from Robert B. Monjoy to Robert B. Monjoy and Anna L. Monjoy is void and of no effect; that by virtue of the death of Robert B. Monjoy plaintiff acquired all of his interest in the described property as surviving joint tenant; that the court quiet title to said described real property in plaintiff against all claims of the defendants; that the court order defendant, Anna L. Monjoy, to deliver over possession of said described real property to plaintiff and account for all rents and profits received therefrom since the death of Robert B. Monjoy.

That a cross-complaint to quiet title was filed March 29, 1957, in which the relief prayed for was that plaintiff be required to set forth the nature of her claim to said property; that all adverse claims of plaintiff may be determined by decree of the court; that if by said decree it be adjudged that defendant is the owner of said undivided one-half interest in said premises and that plaintiff has no interest or estate whatever in said interest in said property, that plaintiff be forever debarred from asserting any claim whatever to said land adverse to defendant.

A decree quieting title was entered June 26, 1958, that plaintiff, Myrtle McGinnis is the owner of all the real property described in said judgment, and that the claims of defendant Anna L. Monjoy individually, and any claims of the Estate of Robert B. Monjoy, deceased, are without any right whatsoever, and that defendant Anna L. Monjoy, forthwith deliver over possession of the described real property to plaintiff; that defendant County of Los Angeles has a lien against said property in the sum of $445.18, and that said defendant county has a further lien against said property for any unpaid taxes thereon.

Notice of entry of judgment was duly served upon defendants and filed July 1, 1958. A notice of appeal to this court was filed July 3, 1958, and notice to the clerk that a transcript on appeal be made up and prepared was filed July 3, 1958. That pursuant to rule 4a of Rules on Appeal, a copy of the aforesaid notice was mailed July 16, 1958, to the court reporter.

That pursuant to rule 4a of Rules on Appeal, the clerk's office received a copy of a letter dated July 22, 1958, addressed to Earl C. Broady, attorney for appellant, from Shirley O'Brien, court reporter, designating the estimated cost ($50) for the preparation of said reporter's transcript on appeal. That to date no arrangement with the clerk for the payment thereof has been made, and that no waiver of deposit has been filed by the reporter.

That pursuant to the provisions of rule 5 of the Rules on Appeal adopted by the Judicial Council a notice by the clerk of the superior court designating the estimated cost for the preparation of the clerk's transcript was mailed July 28, 1958, to the attorney representing the appellant, to wit: Earl C. Broady. That thereafter on August 13, 1958, the estimated amount of $10.65 was received in the clerk's office from Earl C. Broady, attorney for the appellant, for the preparation of said clerk's transcript. That a clerk's transcript was filed September 12, 1958, but no reporter's transcript has been filed.

In response to said notice of motion to dismiss the appeal, appellant has filed an application for relief from default in failing to deposit with said clerk the estimated cost of preparing a reporter's transcript. In support of her application for relief appellant sets forth that on July 3, 1958, the date upon which her notice of appeal was filed, she filed with the clerk a notice to prepare a record on appeal, but that such notice was incomplete in that it failed to designate all of the records

that should have been included therein, viz., complaint, answer to complaint, cross-complaint, answer thereto, pretrial conference order, certain minute orders, findings of fact and conclusions of law, and the decree quieting title.

Appellant's counsel then avers that before he "could prepare an amended notice for a clerk's transcript, he was advised by a letter from the defendant (appellant) dated July 3, 1958, that she wished to hold in abeyance any further action in the appeal pending negotiations for the purchase by defendant of plaintiff's interest in the real property which is involved in this appeal.

"That in reliance on defendant's advice affiant did not prepare and file the amended notice to prepare a clerk's transcript, within the ten days prescribed by Rule 5; however, the cost of preparing the incomplete clerk's transcript on appeal was paid.

"That on July 22, 1958, affiant received a notice from Shirley O'Brien, court reporter, advising him of the estimate for preparation of the reporter's transcript, but in reliance on defendant's advice affiant did not deposit the costs for said transcript within the time requested by Rule 4 of Rules on Appeal.

"That thereafter negotiations continued between plaintiff and defendant relative to the purchase by defendant of said property, but finally plaintiff refused to sell said property to defendant on the terms that had been originally contemplated.

"That thereupon defendant advised affiant that she wished to continue with her appeal, but by that time defendant was already in default in the matters above mentioned.

"That affiant believes the appeal is meritorious and that defendant should have her day in court and that the matter be decided on the merits; that the reason for defendant's delay in prosecuting the appeal was due to her attempt and desire to settle the matter amicably without further court action."

After oral argument and a careful consideration of the circumstances surrounding the motion to dismiss the appeal herein, we have concluded that the discretion which is vested in this court on such motions should not be exercised in favor of appellant. (Rules on Appeal, rule 53b.)

It has often been said by the courts of this state that the court rules requiring prompt action on the part of appellants to perfect and prosecute their appeals with diligence should be strictly complied with in every respect. That it is the purpose of the law to expedite appeals in the interest of

justice. While it has also been frequently said by our courts that it is the policy of the law to hear all appeals on their merits, if it is reasonably possible to do so, nevertheless, the rules of procedure governing appeals are essential to the orderly handling and dispatch of the courts' business, and these rules confer rights upon the adverse party which the latter may enforce.

 In the case now engaging our attention more than seven months have elapsed and appellants have not yet paid the requisite fee for a reporter's transcript and they admit that in the clerk's transcript which they ordered prepared they did not ask for the inclusion therein of such necessary and important documents as the complaint, answer thereto, cross-complaint, answer to the same, findings of fact, conclusions of law, or even the decree quieting title, from the rendition of which they filed this appeal. As asserted by respondent at the oral argument, this is an action for the recovery of possession of and title to real property and has now been before the courts for two and one-half years, during all of which time respondent has been out of possession.

Appellants urge that the lack of diligence upon their part is wholly attributable to the fact that their counsel believed they were attempting to settle the matter amicably and without further litigation by purchasing respondent's interest in the property involved. However, any such negotiations were denied by respondent's counsel who states that "She was given the entire real property, and to my knowledge there was absolutely no negotiations for settlement. It is merely a case where I allowed months and months to go by before I filed the application (motion to dismiss the appeal), to give them (appellants) a chance to get out."

Under the present circumstances we are satisfied that a failure to grant respondent's motion, if not a complete abuse of discretion, would at least constitute an unwarranted disregard of the rule here in point, and would require us to totally disregard the rights and equities of respondent thereunder.

The appeal is dismissed.

Fourt, J., and Lillie, J., concurred.